DENIER v. BONEWUR.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. CHATTEL MORTGAGES (§ 172*) — REPLEVIN BY MORTGAGEE — IDENTITY OF GOODS—EVIDENCE.

Where a chattel mortgage of a stock of goods contemplated that the mortgagor might sell the goods in the ordinary course of business, replacing goods sold with other goods of a similar character, the mortgagor was entitled to show, in replevin by the mortgagee, that all the chattels

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

mortgaged had been sold before default, and that other articles of like character had been substituted, so that plaintiff's remedy to enforce his lien was in equity, and not at law.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 306–315; Dec. Dig. § 172.*]

2. REPLEVIN (§ 49*)—REDELIVERY BOND—ESTOPPEL.

Defendant in replevin, by giving a redelivery bond, estops himself from denying that he had possession of the goods taken, and that they were the same as those taken from and by the plaintiff, and that he had retaken them, but is not estopped to deny that they were the goods mortgaged to plaintiff, on which mortgage plaintiff based his claim.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 184; Dec. Dig. § 49.*]

Appeal from Trial Term, Kings County.

Action by Simon Denier against Solomon Bonewur. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, and RICH, JJ.

Isidor Cohn, for appellant.
William C. Rosenberg, for respondent.

HIRSCHBERG, P. J. There must be a reversal in this case for an error in ruling on the trial which may materially affect the controversy. The action is at law for the recovery and possession of certain chattels, which were mortgaged by the defendant on the 2d day of November, 1907. The action was commenced in May, 1908. The mortgaged property consisted of a stock of goods in a store of the defendant in the borough of Brooklyn, and the mortgage contained a provision, evidently inserted in contemplation of continued dealing by the mortgagor with the stock as his own, to the effect that he should replace any of the property sold by him from time to time, and covered by the mortgage, with other goods of similar kind and quality. After the chattels had been taken by the plaintiff under the replevin process, the defendant gave a bond to procure the return of the property, which bond recited the fact that the plaintiff had claimed the delivery of the chattels specified in his affidavit, and had "caused the same to be replevined by the sheriff of the county of Kings."

On the trial the defendant endeavored to show that all the chattels mortgaged had been sold by the defendant before default, and other articles of like character substituted in their place. This he was prohibited from doing; the learned trial court ruling that the retaking of the goods, accompanied by the giving of the bond in question, with the recital stated, estopped the defendant from asserting that he was not in possession of the goods replevied, and that they were not the same as those taken under the process by the plaintiff. This was quite apart from the question under consideration. There was no dispute about the identity of the goods which the plaintiff had taken under the process. The dispute was as to their existence at the time of the execution of the mortgage. If other goods were substituted for the mort-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gaged property, the plaintiff could enforce a lien in equity; but he could not maintain the action at law.

In addition to the ruling referred to, the question was presented on the charge to the jury. The counsel for the defendant requested the court to charge in the following language:

"I ask your honor to charge that, in view of the terms of this mortgage, the defendant had the right to replace these goods with other goods at his liking; that it contemplated that the defendant had a right to do with these goods as he liked, and, if they find that as a fact, that then the title passed to the defendant, which was subject to execution and levy for any of his creditors, and, consequently, the plaintiff cannot be the legal owner of this property; and I also ask your honor to charge that, if they find that this property was not the property that was in the premises at the time that this mortgage was executed, but that it was subsequently acquired, why, then, this chattel mortgage was void, and that their only redress would be in equity."

To this request the court replied:

"I think as a general proposition of law your statement would be correct; but I refuse to charge that proposition, upon the ground that afterward, after the commencement of this suit, the plaintiff replevined these goods, and the defendant gave a bond, and by giving the bond he is now estopped in this action from claiming that these were not the same goods, and that the plaintiff was not the owner, and in the actual or constructive possession of the same."

The defendant, by giving the bond and taking the goods back, was indeed estopped from denying that he had had possession of those goods, that they were the same as those taken from him by the plaintiff, and that he has taken them back again. He is not estopped, however, from asserting that such goods were not the same as those which were originally mortgaged. If the property covered by the mortgage at the time of the default was not in existence at the time of the execution of the mortgage, the mortgagee could only enforce an equitable lien, and he does not become the legal owner by virtue of the mortgage and the default. See Rochester Distilling Co. v. Rasey, 142 N. Y. 570, 577, 37 N. E. 632, 40 Am. St. Rep. 635.

The judgment and order should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.